UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BILLIE SPRUCE, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No._____ |
| v. | ) | |
| | ) | |
| MIDLAND FUNDING, LLC and | ) | |
| MIDLAND CREDIT | ) | |
| MANAGEMENT, INC., | ) | |
| | ) | |
| DEFENDANTS. | ) | <u>Jury Demanded</u> |

## **COMPLAINT**

Plaintiff, Billie Spruce, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

## **JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendants transact substantial business here.

## **PARTIES**

3. Plaintiff, Billie Spruce ("Plaintiff') is a resident of the State of Illinois, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for a defaulted MetaBank credit card account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

4. Defendant, Midland Funding LLC ("Midland") is a Delaware limited liability company with its principal place of business at 3111 Camino Del Rio N, #1300, San Diego, CA 92108. It does or transacts business in Illinois. Its registered agent and office are Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703.

5. Defendant Midland is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

6. Defendant Midland holds a collection agency license from the state of Illinois.

7. Defendant Midland is a Delaware limited liability company with its principal place of business at 3111 Camino Del Rio N, #1300, San Diego, CA 92108. It does or transacts business in Illinois. Its registered agent and office are Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703.

8. Defendant Midland is a debt scavenger that specializes in buying large portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which it then tries to collect through other debt collectors.

9. Defendant Midland is in the business of taking title or claiming to take title to charged-off debts allegedly owed by consumers and originally owed to others.

10. Defendant Midland then seeks to enforce the debts against the consumers through lawsuits. The mails and telephone are used in connection with the prosecution of these lawsuits. Midland Funding LLC is thus a debt collector as that term is defined in 15 U.S.C. § 1692a(6) of the FDCPA.

11. Upon information and belief, Defendant Midland has paid an average of less than 5 cents on the dollar for the debts it has purchased or claims to have purchased.

12. Defendant Midland was the plaintiff in over 3,000 collection lawsuits pending in the Illinois courts during the year preceding the filing of this action.

13. Defendant Midland is a "debt collector" as defined in the FDCPA.

14. Defendant Midland Credit Management ("MCM") is a Kansas corporation with its principal place of business at 3111 Camino Del Rio N, Suite 1300, San Diego, CA 92108-8875. MCM does or transacts business in Illinois. Its registered agent and office is Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703.

15. Defendant MCM is a collection agency and collects the debts held in the name of Midland Funding, LLC.

16. Defendant MCM holds a collection agency license from the state of Illinois.

17. Defendant MCM is a "debt collector" as defined in the FDCPA.

**FACTUAL ALLEGATIONS**

18. Plaintiff is an elderly individual with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed for a MetaBank consumer credit card account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined by §1692a(5) of the FDCPA.

19. Due to her financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

20. Midland purportedly purchased the alleged debt sometime thereafter.

21. Midland subsequently retained or hired the Law Office of Blatt, Hasenmiller, Leibsker & Moore ("Blatt"), to attempt to collect the alleged debt from Plaintiff. Upon information and belief, Blatt was at all times authorized to act on behalf of Defendants to attempt to collect the alleged debt from Plaintiff.

22. On or about September 18, 2013, Blatt filed a complaint on behalf of Midland against Plaintiff to collect the alleged debt, which complaint was filed in the Circuit Court of Cook County, First Municipal District, and styled *Midland Funding LLC vs. Billie Spruce*, Case No. 13-M1-151550 ("State Action"). (Exhibit A, Small Claims Complaint).

23. In response to the State Action, Plaintiff consulted with the legal aid lawyers at the Debtors Legal Clinic, and on November 5, 2013, Plaintiff's legal aid attorney notified Defendant's counsel that Plaintiff was represented by an attorney and that she disputed the alleged debt. (Exhibit B, Representation Letter).

24. Upon information and belief, Blatt subsequently communicated Plaintiff's dispute of the alleged debt to one or both Defendants.

25. On November 26, 2013, Plaintiff's attorney filed a Motion to Quash Service of Process, wherein it states that Plaintiff disputes the debt, and Plaintiff's counsel served notice of said motion upon Defendants thereafter. (Exhibit C, Plaintiff's Motion).

26. On December 11, 2013, the Circuit Court of Cook County granted Plaintiff's Motion to Quash Service of Process. (Exhibit D, Order).

27. 15 U.S.C. §1692e of the FDCPA provides as follows:

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.**

**Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

\*\*\*

**(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.**

28. On November 5, 2013, Defendants knew or should have known that Plaintiff disputed that she owed the alleged debt, since Plaintiff informed Defendants of this fact via letter on that date, as well as on November 26, 2013.

29. Even though Defendants knew or should have known, in November 2013, that Plaintiff disputes owing the alleged debt, Defendants failed to thereafter communicate the fact of Plaintiff's dispute to the Experian credit reporting agency when MCM updated Midland's tradeline for the alleged debt, in violation of 15 U.S.C. §1692e(8). (Exhibit E, Excerpt of Experian credit report showing Defendant's tradeline as reported in January, 2014).

30. Midland is liable for the acts and omissions of MCM, committed in connection with efforts to collect the alleged debt from Plaintiff. (See *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994); *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379 (3rd Cir. 2000)).

31. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I-FAIR DEBT COLLECTION PRACTICES ACT

32. Plaintiff re-alleges paragraphs 1-31 as if set forth fully in this count.

33. Defendants communicated false credit information to the Experian credit reporting agency in violation of 15 U.S.C. §§1692e and 1692e(8) when, after receiving notice that Plaintiff disputed the alleged debt, MCM failed to communicate the fact of the dispute to the Experian, even though MCM had communicated other information to Experian after it had received notice of Plaintiff's dispute.

34. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorney fees.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered in his favor against the Defendants for the count alleged above for:

    A.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    B.    Costs and reasonable attorney fees pursuant to 15 U.S.C. 1692k(a)(3); and

    C.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

The Law Office of M. Kris Kasalo, Ltd.     By: /s/M. Kris Kasalo
20 North Clark Street, Suite 3100     M. Kris Kasalo
Chicago, Illinois 60602
tel 312.726.6160
fax 312.698.5054
mario.kasalo@kasalolaw.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.