UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BILLIE SPRUCE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MIDLAND FUNDING, LLC and,<br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>　　　　Defendants. | No. 14 CV 1316<br><br>Judge Manish S. Shah |

## ORDER

Plaintiff's motion for attorney's fees [51] is granted in part. The court awards fees and costs in the amount of $15,155.60. Terminate civil case.

## STATEMENT

In this Fair Debt Collection Practices Act case, plaintiff accepted defendant's Rule 68 offer of judgment, [40], and is entitled to an award of reasonable attorney's fees and costs. "Attorney's fees under the FDCPA are determined in the same way as under other federal fee-shifting statutes, namely, by multiplying a reasonable hourly rate for the attorney's services by the number of hours reasonably expended. *See Gastineau v. Wright*, 592 F.3d 747, 748 (7th Cir. 2010) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433–37 (1983)). 'If necessary, [a] district court has the flexibility to adjust that figure to reflect various factors including the complexity of the legal issues involved, the degree of success obtained, and the public interest advanced by the litigation.' *Id.* (internal quotation marks omitted)." *Kasalo v. Trident Asset Mgmt., LLC*, No. 12 C 2900, 2015 WL 2097605, at *3 (N.D. Ill. May 3, 2015).

A reasonable hourly rate is determined by looking at the rate the attorney actually charges paying clients for his services, and if necessary, rates set for the attorney in similar cases. *See Montanez v. Simon*, 755 F.3d 547, 553 (7th Cir. 2014). Plaintiff has met her burden with respect to the hourly rates for attorneys Mario Kasalo and Michael Wood. For both attorneys, the record supports a determination that Kasalo's rate is $375 per hour and Wood's rate is $327 per hour. These are rates that the attorneys charge paying clients, *see* [51-1] ¶ 8, [59-1] at 142, and have also been awarded in similar cases (albeit in uncontested cases for Wood). *See Kasalo*, 2015 WL 2097605, at *3 ($375/hour for Kasalo was reasonable); *Khalil v. Contract*

*Callers, Inc.*, 14-cv-05359, Docket #s 6 & 8 (N.D. Ill.) (awarding $327/hour for Wood on default judgment); *Rockafellow v. Grant & Weber*, 14-cv-07148, Docket #s 6 & 8 (N.D. Ill.) (same). Plaintiff has not, however, provided any evidence to support the claim of $295 per hour for attorney Harrer. Simply asserting the rate is not sufficient, and therefore no fees will be awarded for Harrer's time (2.5 hours on 6/23/14 and 0.1 hours on 7/21/14).

Clerical tasks are not compensable, even when billed at administrative rates. *See Kasalo*, 2015 WL 2097605, at *3. No fees will be awarded for the "Clerk" tasks identified in plaintiff's petition. The paralegal tasks completed by Wood in February 2014 are compensable as legal work and the rate charged by Wood ($125/hour) is a reasonable one.

Discovery was stayed on June 10, 2014, and therefore plaintiff's charges related to post-June 10 discovery are not reasonable and will not be awarded (0.4 hours on 7/3/14).

Defendants' objection concerning plaintiff's motion to strike is sustained, in part. The motion was filed within the time set to amend the pleadings (*see* [12]), so it was not unreasonable to file the motion even if technically untimely under Rule 12(f). However, two hours is an excessive amount of time to charge for the preparation of the motion in light of counsel's experience with the issues presented. The compensable time is reduced to one hour for the motion to strike.

I agree with Judge Kennelly that claiming "6.1 hours on more-or-less standard form discovery requests is unreasonably high." *Kasalo*, 2015 WL 2097605, at *4. The time charged on 6/8/14 for drafting plaintiff's discovery requests (6.1 hours as it was in *Kasalo*, suggesting that these requests are in fact boilerplate) is reduced by two hours. *See id*.

Defendants' objection to awarding fees for preparing the fee petition is overruled. "[A] prevailing party is entitled to collect the legal expenses incurred in obtaining an award of fees for success on the merits." *Robinson v. City of Harvey, Ill.*, 617 F.3d 915, 917 (7th Cir. 2010). The Rule 68 offer of judgment in this case did not stop the clock on attorney's fees; it provided for all reasonable attorney's fees. *Cf. Morjal v. City of Chicago*, 774 F.3d 419, 420 (7th Cir. 2014) (addressing Rule 68 offer for "reasonable attorney's fees and costs *accrued to date*") (emphasis added). I conclude, however, that it was unreasonable and excessive for both Kasalo and Wood to bill over five hours each in preparing the reply brief in support of the fee petition. Given their experience in litigating fee petitions it was unnecessary for these attorneys to spend as much time as they claim they did to prepare the single brief (particularly since drafting the opening petition took only 2 hours, a reply brief is not supposed to interject new arguments, and fee litigation should not spawn a second

major litigation). The award for preparing the reply brief is reduced to one hour each for Kasalo and Wood ($702).

Defendants' remaining objections are overruled. It was not unreasonable for both Wood and Kasalo to attend the settlement conference, and the time spent drafting plaintiff's settlement position was not excessive.

In light of the above adjustments, plaintiff's fee request of $19,986.90 is reduced to $14,680.60. Costs of $475 are also awarded.

ENTER:

Date: 6/1/15

Manish S. Shah
U.S. District Judge